[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CT Page 9356 RE RULING ON MOTION TO STRIKE (#106)
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825, 676 A.2d 839 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,639 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . ." (Citations omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, ___ A.2d ___ (2000)
There is a split of authority among the superior courts as to whether a plaintiff must plead specific facts to support a claim of recklessness pursuant to General Statutes § 14-295.[1] One "line of cases holds that a plaintiff must only allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries. See, e.g., St. George v. Connecticut Car Rental Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.) (holding that the plaintiff is only required to allege that the defendant violated one of the statutes enumerated in § 14-295); McGuire v. Ferguson, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.) (14 Conn.L.Rptr. 624, 625-26) (`[T]he plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes Sec. 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries.')." Belon v. Bria, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150216 (March 7, 1997,D'Andrea, J.)
In the present case, the plaintiff alleges in the second count of his complaint that "[t]he collision as aforesaid was due to the operation of a motor vehicle by the defendant, Richard Worms, in that he deliberately or with reckless disregard operated his motor vehicle . . . in that he violated § 14-218a of the Connecticut General Statutes . . . [and] in that § 14-222 of the Connecticut General Statutes." (Complaint, CT Page 9357 ¶ 69). The plaintiff further alleges that one or more of these actions "was the substantial factor in causing his injuries and damages." (Complaint, ¶ 610). These allegations sufficiently set forth a cause of action pursuant to General Statutes § 14-295 when construed in a manner most favorable to the plaintiff. The motion to strike the second count of the complaint is denied.
BY THE COURT
PETER EMMETT WIESE, J.